IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08-00539 |
| | ) | |
| ALVIN S. LAUTER, | ) | Hon James B. Moran |
| | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' UNOPPOSED MOTION
TO SERVE ALVIN LAUTER BY ALTERNATIVE MEANS

The plaintiff, United Stantes of America, requests an order of this Court, pursuant to Fed. R. Civ. P. 4(e)(1), incorporating provisions of local law, including 735 Ill. Comp. Stat. § 5/2-203.1, allowing the United States to effect service upon defendant Alvin S. Lauter, by sending copies of a summons and the United States' Complaint to Mr. Lauter by both certified mail, return receipt requested, and first class mail. In support of this motion, the United States states the following:

**Background**

1. The United States filed its complaint in the above-referenced proceeding on January 24, 2008. (Docket No. 1)

2. On or about January 31, 2008 the United States requested that Alvin Lauter waive service of process upon him. The request to waive service was sent by first-class mail to Mr. Lauter's residence. (See attached Declaration of Pamela Grewal, ¶ 5, attached hereto as Exhibit A)

3.  On or about March 13, 2008, Mr. Lauter contacted Pamela Grewal, attorney for the United States. Mr. Lauter stated he would not waive service. (Exhibit A, ¶ 6)

4.  On or about March 25, 2008, the undersigned attorney requested that It's Your Serve, a process server located in Chicago, Illinois, attempt to effect service of process upon Mr. Lauter. (Exhibit A, ¶ 7)

5.  Jason Holinka, Special Process Server, attempted to effect service upon Mr. Lauter on six separate occasions. Mr. Holinka's first attempt to effect service was on March 29, 2008. His final attempt to effect service was on April 12, 2008. Mr. Holinka was unable to make contact with Mr. Lauter. (See Exhibit B, Affidavit of Special Process Server)

**Argument**

This Court should allow the United States to make service by alternate means other than hand delivery. Fed. R. Civ. P. (4)(e) provides that service on an individual may be effected pursuant to the law of the state in which the district court is located. Illinois law provides at 735 Ill. Comp. Stat. § 5/2-203 that "Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, . . ." In addition, Illinois law also provides, at 735 ILCS § 5/2-203.1, that

> If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have

been unsuccessful.  The court may order service to be made in any manner consistent with due process.

The declarations and affidavits attached hereto detailing the history of efforts to make personal service on Mr. Lauter establish that a diligent inquiry as to the location of Mr. Lauter has been made, and reasonable efforts to make service upon him have been unsuccessful.  The United States' repeated unsuccessful attempts to serve Mr. Lauter show that service on him under either 735 Ill. Comp. Stat. § 2-203(1) or (2) is impractical.

Service upon Mr. Lauter by delivery to his home address is consistent with due process.  Mr. Lauter is known to reside at 3750 N. Lake Shore Drive, #4C, Chicago, Illinois.  Mr. Lauter contacted the attorney for the United States in response to a request for waiver of service that was sent to his home address.  It is therefore reasonable to expect that correspondence delivered to his residence will reach him.

WHEREFORE, the plaintiff, the United States of America, pursuant to Fed. R. Civ. P. 4(e) and 735 Ill. Comp. Stat. § 5/2-203.1, requests an order of this Court allowing the United States to make service of process on defendant Alvin S. Lauter by sending copies of a summons and the United States' Complaint to Mr. Lauter by both certified mail, return receipt requested, and first class mail.

      PATRICK J. FITZGERALD
      United States Attorney

      */s/ Pamela Grewal*
      PAMELA GREWAL
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 55
      Ben Franklin Station
      Washington, D.C.  20044
      Telephone:  (202) 307-6403
      Fax: (202) 514-5238
      E-mail: Pamela.Grewal@usdoj.gov

CERTIFICATE OF SERVICE

I certify that the foregoing document was filed using the Court's CM/ECF filing system on May 12, 2008. As of that date, no other parties had appeared in this action.

>*/s/ Pamela Grewal*
>PAMELA GREWAL
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6403
>Fax: (202) 514-5238
>E-mail: Pamela.Grewal@usdoj.gov